IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| QUINN NGIENDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-4127-SAC-TJJ |
| | ) | |
| PEP-KU, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Service by Way of Publication (ECF No. 29). In her motion, Plaintiff seeks issuance of a summons to serve on Defendant Madison Cline along with her Amended Complaint, and also requests service "by way of Publication."[1] The Clerk's office has issued summons to Ms. Cline for service, along with the Amended Complaint, by the U.S. Marshal.

However, the Court will not order service by publication at this time. Federal Rule of Civil Procedure 4 governs service in a federal action. Pursuant to Rule 4(e), service on an individual may be had by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[2]

In Kansas, service of process by publication is authorized and governed by K.S.A. 60-307. In this instance, the authority for Plaintiff's request is in the following provision:

> [A]n action in which the defendant, being a resident of this state, has departed from this state or from the county of the defendant's residence with the intent to

---

[1] ECF No. 29 at 1.

[2] Fed. R. Civ. P. 4(e)(1). Other means of service are also available, but service by publication is allowed only if permitted by applicable state law. Rule 4 does not contain its own provision for service by publication.

delay or defraud creditors or to avoid the service of a summons, or hides in the state or county with that intent . . . ;[3]

To obtain an order authorizing service by publication, however, Plaintiff must file an affidavit as required by the Kansas statute as follows:

> (c) *Affidavit or declaration for service by publication.* Before service by publication under this section can be made, a party or the party's attorney must file an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, stating all of the following facts that apply:
> (1) The residences of all named defendants sought to be served, if known, and the names of all defendants whose residences are unknown after reasonable effort to ascertain them and the specific efforts made to ascertain the residence;
> (2) the affiant or declarant has made a reasonable but unsuccessful effort to ascertain the names and residence of any defendants sought to be served as unknown parties under subsection (a)(5) and the specific efforts made to ascertain the names and residences;
> (3) the party seeking service by publication is unable to obtain service of summons on the defendants in this state; and
> (4) the case is one of those mentioned in subsections (a)(1) through (a)(4).[4]

Plaintiff has not filed an affidavit to support her request for service by publication. Accordingly, the Court denies her motion without prejudice to re-file a motion that fully complies with K.S.A. 60-307.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Service by Way of Publication (ECF No. 29) is denied without prejudice. Plaintiff is reminded that she must comply with the time limit contained in Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated April 18, 2019, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[3] K.S.A. 60-307(a)(4).

[4] K.S.A. 60-307(c).